IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BOBBY WYNN, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| FULTON COUNTY SHERIFFS | : | CIVIL ACTION NO. |
| OFFICE et al., | : | 1:12-CV-239-TWT-LTW |
| Defendants. | : | |

## FINAL REPORT AND RECOMMENDATION

Plaintiff, pro se, is confined at the Fulton County Jail in Atlanta, Georgia (the "Jail"). The Court recently dismissed Plaintiff's amended complaint against the Jail and the medical company that provides medical care to inmates at the Jail because Plaintiff failed to state a claim upon which relief could be granted. Order, *Wynn v. C.M.A. (Atlanta)*, No. 1:11-cv-3315-TWT (N.D. Ga. Feb. 2, 2012). Plaintiff has filed another complaint, docketed as this action, regarding his confinement at the Jail.[1] (Docs. 1, 1-1.) In this case, Plaintiff makes allegations similar to those in his dismissed case, but names new defendants: the Fulton County Sheriff's Office, Sheriff

---

[1] Although Plaintiff filed this complaint before his other action was dismissed, the complaint was docketed as a new action, rather than as an amended complaint in the earlier action, because Plaintiff named different defendants and asserted additional claims.

Theodore Jackson, and unidentified "Deputies / Jailers / Administration." (*Id.*) The Court granted Plaintiff leave to proceed *in forma pauperis*, and the complaint now must be screened under 28 U.S.C. § 1915A.

Federal courts are required to screen prisoner complaints to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

Plaintiff alleges a variety of constitutional violations at the Jail, but his allegations are largely conclusory and devoid of facts. The following allegations can be gleaned from Plaintiff's complaint: (1) conditions in parts of the Jail are unsanitary, e.g., paint is peeling from the ceiling in an unidentified area, a bad smell comes under Plaintiff's cell door, bugs have become common in the dorm areas, and Jail officials

2

do not use bleach and proper cleaning supplies, (Doc. 1 at 4; Doc. 1-1 at 2, 4)[2]; (2) Plaintiff has been denied "materials" from the law library and indigent envelopes for legal mailings, (Doc. 1 at 3); (3) meals at the Jail are inadequate, lack sufficient calories, do not include juices, and include only apple sauce for dessert, (Doc. 1 at 3); (4) Plaintiff has been denied treatment and medications for his eyes, (Doc. 1 at 4); (5) another inmate, different from the one alleged in Plaintiff's complaint in his earlier case, attacked Plaintiff, and Plaintiff was forced to pay for the medical treatment he received as a result of the attack, (Doc. 1 at 4; Doc. 1-1 at 4); and (6) leg shackles were applied tightly to Plaintiff's legs, severely bruising them, (Doc. 1-1 at 3).

Plaintiff does not identify anyone in connection with the alleged violations of his rights, but asks for "criminal investigation and charges to be brought against . . . officers; jailers; inmates etc etc, responsible for the fate of my losses and injustices" and financial compensation. (Doc. 1-1 at 6; Doc. 1 at 5.) Plaintiff complains of "presumpteous [sic] pains and sufferings, at the hands of staff," he "hold[s] all staff and alledged [sic] accused inmates, for responsibility," and appears to allege that Sheriff Jackson is liable because he is responsible for all Jail staff. (Doc. 1-1 at 2-5.)

---

[2] Citations to the complaint refer to the page numbers electronically printed on the top of each page by the Court's electronic case filing system.

Supervisory officials are liable under § 1983 only if they "personally participate[] in the alleged unconstitutional conduct or . . . there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citations omitted). Supervisory officials are not vicariously liable under § 1983 for their subordinates' acts. *Id.* Here, Plaintiff has failed to allege any facts to support a plausible finding that Sheriff Jackson, the senior Jail official, personally participated in any of the alleged mistreatment of Plaintiff at the Jail or that there is a causal connection between any act by Sheriff Jackson and a constitutional violation. In addition, the sheriff's office, itself, cannot be held liable for any alleged wrongdoing because it is not a legal entity capable of being sued. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *Williams v. Chatham Cnty. Sheriff's Complex*, No. CV407-068, 2007 WL 2345243, at *1 (S.D. Ga. Aug. 14, 2007) ("The county jail . . . has no independent legal identity and therefore is not an entity that is subject to suit under § 1983.").

Moreover, plaintiff's conclusory allegations do not state a viable claim under § 1983 against any one, but only raise the "mere possibility of misconduct," which is insufficient. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *Bell Atlantic Corp.*

4

*v. Twombly*, 550 U.S. 544, 555-56 (2007) (observing that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (quotation marks omitted)). Plaintiff must do more than list "labels and conclusions" and make "the-defendant-unlawfully-harmed-me accusation[s]" to state a viable claim. *See Iqbal*, 129 S. Ct. at 1949 (quotation marks omitted). Plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570.

For example, similar to the allegations in Plaintiff's previous case, Plaintiff's current allegations that he has received medical care at the Jail, including an "emergency extraction" of a detached tooth, belie Plaintiff's claim that Jail officials have been deliberately indifferent to serious medical needs. (*See* Doc. 1 at 4; Doc. 1-1 at 3-4, 14, 16.) As the Court noted in Plaintiff's previous case, negligent medical treatment or the failure to give Plaintiff the particular type of treatment he desires does not constitute cruel and unusual punishment in violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1317 (11th Cir. 2010). Plaintiff's conclusory allegations of unspecified harm from unsanitary conditions in some parts of the Jail and inadequate meals also fail to plausibly allege deliberate indifference, as required to state a claim under §

1983. *See Cottone*, 326 F.3d at 1358 ("A Fourteenth Amendment violation occurs when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk."); *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1024 n.5, 1028 (11th Cir. 2001) (en banc) ("[T]he standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments.").

Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the undersigned **RECOMMENDS** that this action be **DISMISSED** under 28 U.S.C. § 1915A.[3]

**SO RECOMMENDED** this 15th day of MARCH, 2012.

/S/LINDA T. WALKER
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff's complaint in this case is his third attempt to plead viable claims regarding his confinement at the Jail because he filed a complaint and an amended complaint in the earlier case. *See Wynn*, No. 1:11-cv-3315-TWT, ECF Nos. 1, 9. Because Plaintiff has had many opportunities to state a plausible claim and continues to ground his claims primarily in conclusory allegations against supervisory officials, the undersigned does not recommend allowing him to further amend his pleadings.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| BOBBY WYNN, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| FULTON COUNTY SHERIFFS | : | CIVIL ACTION NO. |
| OFFICE et al., | : | 1:12-CV-239-TWT-LTW |
| Defendants. | : | |

## **ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

The Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72, is attached. The same shall be filed and a copy, together with a copy of this Order, shall be served upon counsel for the parties and upon any unrepresented parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), within fourteen (14) days of service of this Order, each party may file written objections, if any, to the Report and Recommendation. If objections are filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and

Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Judge after expiration of the time period stated above.

**SO ORDERED**, this 15 day of March, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE